## WILLIAM WAIT versus SYLVESTER MAXWELL, Administrator.

A verdict will not be set aside on the ground that improper evidence was admitted and commented on by the judge, if no objection to its admission was made at the trial.

The deed of a person non compos mentis not under guardianship conveys a seisin, it being voidable only, and not void. But the deed of a person non compos mentis under guardianship is void.

THIS was an action of covenant on a deed executed by the defendant's intestate, Abel Wilder, to the plaintiff, dated March 15, 1821, containing the usual covenants of warranty and seisin. The declaration alleged a breach of the covenant of seisin. The defendant pleaded that Wilder was seised and had good right to convey ; and issue was joined thereon.

218

---

[1] The principle is general, that a man cannot assign for error, that which is to his advantage, John v. Clayton, 1 Blackford, 55.

Wait
v.
Maxwell.

On the trial, before *Wilde* J., the defendant, to prove the seisin of the intestate, offered in evidence a deed to him from Dorothy Kemp, dated May 24, 1819.

The plaintiff contended that this deed was void, Dorothy being under guardianship at the time of executing it ; and he offered in evidence certain proceedings in the Probate Court in June 1818, by which it appeared that the selectmen of Shelburne, upon an inquisition made, certified that she was superannuated and incapable of taking care of herself, and that the judge of probate thereupon appointed guardians over her.    It did not appear that she had notice of the inquisition about to be made.    The defendant contended that these proceedings in the Probate Court were not sufficient to avoid the deed of Dorothy, and the judge was of that opinion.

The plaintiff then introduced witnesses to show that Dorothy, at the time of executing the deed, was *non compos mentis;* and the defendant introduced as a witness one Wells, on whose application the proceedings in the Probate Court were had, who testified that Dorothy was as capable of understanding and transacting business as most people of her age.    On this evidence it was left to the jury to decide as to her capacity to make a valid deed ; and the jury were instructed, that in weighing the evidence touching this point, they had a right to take into consideration the proceedings of the Probate Court, although the same were not conclusive to show that Dorothy was *non compos mentis.*

A verdict was found for the plaintiff ; but if the decisions of the judge were wrong, a new trial was to be granted.

*Sept. 25th.*    *Ashmun,* for the defendant, contended that the proceedings in the Probate Court were void, because it was not alleged in them that Dorothy Kemp was *non compos mentis,* and because she had no notice of the inquisition.    *Chase* v. *Hathaway,* 14 Mass. R. 222 ; *Cutts* v. *Haskins,* 9 Mass. R. 543.    Evidence of these proceedings therefore was not admissible, except for the purpose of contradicting the testimony of Wells; and if it was offered for that purpose, the jury should have been cautioned to apply it solely to that point. *l* Stark. Ev. 50.

But the deed of Dorothy conveyed a seisin, for the deed of a person *non compos* is voidable only, and not void ; 2 Bl. Comm. 291 ; Com. Dig. *Idiot, D* 2 ; so that the defendant made out the issue tendered on his part. *Worcester* v. *Eaton,* 13 Mass. R. 375.

*Wells,* for the plaintiff.

The opinion of the Court was drawn up by

PARKER C. J.   The decree of the Court of Probate, granting letters of guardianship, is void, because it does not appear that any notice was given to the subject of it before the inquisition taken ;[1] nor is there any judgment or decree ascertaining that she was *non compos.*   Probably the proceedings of the Probate Court would have been rejected from the evidence, if a motion to that effect had been made at the trial.   They were objected to only as proving conclusively the incapacity of Dorothy Kemp, and the objection was sustained by the Court ; but the proceedings remained in the case and made part of the evidence committed to the jury. A new trial is not necessarily to be granted because evidence has been introduced into a cause, which, if liable to objection, ought upon motion to have been rejected, not even if such evidence is commented upon by the judge ; for it sometimes happens that evidence, which would be inadmissible if objected to, is admitted by consent ; and if the judge is not called upon to decide on its competency, it ought to be considered as tacitly assented to.   If this were not the rule, it would be in the power of parties to put the adversary to expense and delay by trying the chance of a verdict in their favor, and if they fail, of obtaining a new trial ; which would be injurious to the rights of the party gaining the verdict.   Besides, if the evidence offered is objected to, it may be supplied by other evidence, or the party who offers it may abandon his cause in that stage of the proceedings without incurring additional expense.   It should be understood therefore, that unless the Court is moved for the rejection of evidence, it must be considered that all objections are waived, and that no relief can be had after the verdict, on the ground of the in-

*Wait*
*v.*
*Maxwell.*

*Oct. term, in*
*Middlesex.*

---

[1] See Revised Stat. *c.* 79, § 9.

competency or informality of the evidence.[1] And the same rule will be observed in relation to the charge of the judge respecting such evidence, if he is not specially asked to consider it as not belonging to the case, on account of inadvertency in the counsel in suffering it to pass without objection.[2]

We are satisfied, however, that the verdict has been returned upon a wrong principle, and that it is within the discretion of the Court to grant a new trial, notwithstanding the point on which we decide was not distinctly raised at the trial. The deed of Dorothy Kemp was not void, but only voidable. It conveyed a seisin to the grantee, defeasible by her, her heirs or devisees, when entry should be made to avoid it.[3] The issue therefore was maintained by the defendant, for the only point was whether Wilder was seised when he conveyed to the plaintiff. It is very clear that he was, according to the effect given to deeds of bargain and sale by our statute. Had Dorothy been actually under guardianship when she made the deed, it would have been otherwise, as the decree and letters of guardianship would have taken from her all capacity to convey ; but there was no such decree or letters, the whole proceedings on that subject being null and void ; so that the presumption of law was in favor of her capacity, and her deed was valid, until by entry or action the grantee was ousted or the deed avoided.

We think, as the rule of damages would be different on the other covenants in the deed, there ought to be a new trial, with leave to the plaintiff to amend by adding a count or counts on the other covenants, and that if the defendant prevails, he should recover no costs for the term at which the former trial was had.

*New trial granted.*

---

[1] See 2 Pick. (2d ed.) 165, n. 1.

[2] See *State* v. *Hascall*, 6 N. Hamp. R. 359.

[3] See *Somes* v. *Brewer*, 2 Pick. (2d ed.) 190, and n. 1.

The same is true of a deed voidable by an infant. *Wheaton* v. *East*, 5 Yerger, 41.